THE GEORGIA RAILROAD COMPANY *vs.* COX.

The crossings of public roads only, and not those of private ways, are embraced in section 708 of the Code, which declares: "There must be fixed on the line of said roads, and at the distance of four hundred yards from the center of each of such road crossings, and on each side thereof, a post, and the engineer shall be required, whenever he shall arrive at either of said posts, to blow the whistle of the locomotive until it arrives at the public road, and to simultaneously check and keep checking, the speed thereof, so as to stop in time, should any person or thing be crossing said track on said road."

Railroads. Roads and bridges. Before Judge HALL. Newton Superior Court. March Term, 1878.

Cox brought case against the railroad company for damages resulting from the killing of a mule. The defendant pleaded the general issue. The evidence, so far as material, disclosed that the mule was killed by a passing train at or near the crossing of a private way; that the public road formerly crossed at that point, but was discontinued some years before the injury; that though there was still a crossing at that point, it was in bad condition, seldom used, and then only for plantation purposes.

. The facts proven demonstrated that if §708 of the Code applied to such crossing, the defendant was negligent, otherwise probably diligent.

The jury found for the plaintiff $100.00. The defendant moved for a new trial, amongst other grounds, because the court erred in charging the jury as follows: " A railroad company is required to erect a blow-post at a distance of four hundred yards on either side of the crossing of a public or private road, and to blow the whistle of the engines at the post, and continue to blow until the crossing is reached, slacking the speed simultaneously with the blowing, and must continue to check the speed of the cars until the crossing is reached, so as to stop in time, should any person or thing be crossing the track on such road. Should there be a failure to do this, the company is guilty of gross negligence, and will be held liable for any damage done. This requirement applies only to public road crossings and the crossings of such private ways as are established by law. If the crossing was on a public road, or on a private way established by law, the rule would be the one I have given you; but if the public road had been abolished, and no private way was established by law, then the rule I have given you would not apply. If it was a crossing that persons or things passed over, you should look to this fact together with all the other facts in determining the question of diligence."

The motion was overruled and the defendant excepted.

CLARK & PACE, for plaintiff in error, cited acts of

1851-2, p. 109 ; acts of 1859, p. 64 ; Code, §§706, 708 ; acts of 1858, p. 955 ; 18 *Ga.*, 679 ; 24 *Ib.*, 75.; 42 *Ib.*, 332 ; 37 *Ib.*, 593.

J. J. FLOYD ; E. F. EDWARDS, for defendant, cited Code, §§708, 710, 737, 3033, 3368 ; 48 *Ga.*, 514 ; 24 *Ib.*, 75.

BLECKLEY, Justice.

Possibly there may be more reasons than one for pronouncing the charge of the court erroneous; but one good reason is enough to condemn the charge, and that such a reason exists is absolutely certain. Section 706 of the Code is in these words: "All railroad companies shall keep in good order, at their expense, the public roads or private ways established pursuant to law, where crossed by their several roads, and build suitable bridges and make proper excavations or embankments, according to the spirit of the road laws." The next section declares what territorial extent shall be included in "such crossings." The next section is copied *verbatim* in the head note, and is evidently confined to the *roads* mentioned in section 706—that is, the public roads; for the posts are to be fixed at the prescribed distance from the center of each of such *road* crossings, and the engineer, on arriving at a post, is to blow the whistle until arrival at the "public road." The whole subject of legally established private ways is dropped when section 708 is reached, the scheme of the legislation being common to them and to public roads so far as relates to making crossings and keeping them in repair, but not common so far as relates to erecting posts, blowing the whistle and checking speed. In approaching the crossing of a private way, no special acts of diligence are prescribed by statute, but the special acts enumerated in section 708 of the Code are prescribed for observance in approaching the crossings of public roads. Whether the particular crossing with which this case is concerned was of the one class or the other, was one of the questions of fact which

the jury ought to have decided, but which they were relieved from deciding by the erreneous charge delivered to them by the court.  For this reason there should be a new trial.

Judgment reversed.